JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURJIT SINGH,<br><br>                Petitioner,<br><br>v.<br><br>KEVIN McALEENAN, MATTHEW ALBENCE, THOMAS GILES, WILLIAM BARR, in their official capacities,<br><br>                Respondents. | Case No. 5:19-cv-02154-AB-SHK<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

### I. INTRODUCTION

Before the Court is Petitioner Gurjit Singh's ("Petitioner") petition for writ of habeas corpus. (Dkt. No. 1.) Respondents Kevin McAleenan, Matthew Albence, Thomas Giles, and William Barr, sued in their official capacities, ("Respondents") have not yet filed a response to Petitioner's petition. For the reasons stated below, the Court **DENIES** the petition for writ of habeas corpus.

### II. BACKGROUND

Petitioner is a thirty-year old Indian asylum seeker. (Dkt. No. 1 at 4.) According

1.

to the petition for writ of habeas corpus,[1] Petitioner fled India after being targeted and beaten by workers of the Congress Party due to his affiliation with the opposing Mann Party. *Id.*

On or about October 6, 2018, Petitioner entered the United States near San Ysidro, California. *Id.* On November 1, 2018, Petitioner participated in a credible fear interview with an asylum officer, and Petitioner stated that he had been persecuted in India on two separate occasions. *Id.* Because of inconsistencies in Petitioner's testimony, the asylum officer found Petitioner's testimony not credible. *Id.*

On November 9, 2018, Petitioner participated in a credible fear review hearing. *Id.* Petitioner states that he was able to retain counsel only a day before the hearing, but that his counsel was unable to submit additional corroborating documents on Petitioner's behalf because of his counsel's recent retainment. *Id.* The transcript of the credible fear review hearing, which has not been filed with this Court, is allegedly eleven pages long. *Id.* The IJ issued a final expedited removal order affirming the asylum officer's determinations on November 9, 2018. (Dkt. No. 1-1). Petitioner argues that he was never given an opportunity to explain the inconsistencies in his testimony before the asylum officer to the IJ. (Dkt. No. 1 at 4.)

Petitioner has been detained at Adelanto U.S. Immigration and Customs Enforcement ("ICE") Processing Center, located at 10400 Rancho Road Adelanto, California 92310 since November 9, 2018. (Dkt. No. 1 at 2.) Petitioner was scheduled to be removed from the United States to India on November 9, 2019. *Id.* One day before his scheduled removal, Petitioner filed this petition for writ of habeas corpus,

---

[1] Petitioner did not file a copy of the Certified Administrative Record ("CAR") with his petition for writ of habeas corpus, with the exception of the order of the Immigration Judge ("IJ") affirming the Department of Homeland Security's determination that Petitioner did not establish eligibility for asylum, withholding of removal, or protection under the Convention Against Torture. Because the Court does not have access to Petitioner's CAR, the facts included in this section derive entirely from the allegations in Petitioner's petition for writ of habeas corpus.

seeking a stay of removal and an order releasing Petitioner from ICE custody. (Dkt. No. 1 at 5-6).

### III. LEGAL STANDARD

Under 8 U.S.C. § 1225(b)(1)(B), if an asylum officer finds that an applicant does not have a credible fear of persecution, the applicant will be removed. "A supervisor reviews the asylum officer's credible fear determination . . . and a noncitizen may also request de novo review by an [IJ]." *Thuraissigiam v. DHS*, 917 F.3d 1097, 1100–01 (9th Cir. 2019) (citations omitted), *petition for cert. filed*, No. 19-161 (Aug. 2, 2019). Generally, the Court lacks jurisdiction to review challenges to credible fear determinations in expedited removal proceedings. *See* 8 U.S.C. § 1252(a)(2)(A) ("Notwithstanding any other provision of law (statutory or nonstatutory) . . . or any other habeas corpus provision . . . no court shall have jurisdiction to review—(i) except as provided in [8 U.S.C. § 1252(e)], any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1) of this title.") (internal citations omitted). Section 1252(e)(2) provides that "[j]udicial review of any determination made under section 1225(b)(1) of this title is available in habeas corpus proceedings, but shall be limited to determinations of—(A) whether the petitioner is an alien, (B) whether the petitioner was ordered removed under such section, and (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee . . . or has been granted asylum . . . ." 8 U.S.C. § 1252(e)(2).

To obtain a temporary restraining order ("TRO"), Petitioner must show (1) that he is likely to succeed on the merits of his claims, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Stromans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).

//

## IV. DISCUSSION

**1. The Court has jurisdiction over Petitioner's petition for writ of habeas corpus**

First, the Court agrees with Petitioner that it has jurisdiction over his petition for writ of habeas corpus under the Suspension Clause of the U.S. Constitution. U.S. Const. art. 1, § 9, cl.2. The Suspension Clause states that "[t]he privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." *Id.* "The Suspension Clause prevents Congress from passing a statute that effectively suspends the writ absent rebellion or invasion." *Thuraissigiam*, 917 F.3d at 1106. Because the Court finds that 8 U.S.C. § 1252(e)(2) effectively suspends the writ for Petitioner absent rebellion or invasion, jurisdiction is proper.

Section 1252(e)(2) states that "[j]uicial review of any determination made under section 1225(b)(1) of this title is available in habeas corpus proceedings, but shall be limited to determination of—(A) whether the petitioner is an alien, (B) whether the petitioner was ordered removed under such section, and (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refuge . . . or . . . has been granted asylum . . . ." 8 U.S.C. § 1252(e)(2). Here, Petitioner does not seek review of whether he is an alien, whether he was ordered removed, or whether he can prove by a preponderance of the evidence that he is an alien lawfully admitted for permanent residence, has been admitted as a refugee, or has been granted asylum. (Dkt. No. 1.) Rather, Petitioner seeks review of his credible fear interview with an asylum officer, and the IJ's affirmance of the asylum officer's determination that Petitioner did not testify credibly. *Id.*

In evaluating a Suspension Clause challenge, the Court examines "whether [Petitioner] may invoke the Suspension Clause . . . [and] . . . whether § 1252(e)(2) provides [Petitioner] a meaningful opportunity to demonstrate that he is being held

pursuant to the erroneous application or interpretation of relevant law." *Thuraissigiam*, 917 F.3d at 1112 (citing *Boumediene v. Bush*, 553 U.S. 723, 779 (2008)). At step one, the Court concludes that the Suspension Clause applies to Petitioner because he is a "noncitizen . . . who was arrested within the United States." *Id.* at 1115. At step two, the Court concludes that § 1252(e)(2) does not provide Petitioner a meaningful opportunity to demonstrate that he is being held pursuant to the erroneous application or interpretation of relevant law. *Id.* at 1116–17 (holding that § 1252(e)(2) fails to provide a meaningful opportunity for review of a petitioner's claim that he was denied his right to the meaningful credible fear procedure to which he is entitled under the immigration statutes, regulations, and the U.S. Constitution). Because § 1252(e)(2) violates the Suspension Clause as applied to Petitioner, jurisdiction is proper.

### 2. Petitioner has failed to provide any evidence in support of his claims and thus has not demonstrated a likelihood of success on the merits

To obtain a TRO, Petitioner must show, among other things, a likelihood of success on the merits of his claims. *Stromans*, 586 F.3d at 1127. Although Petitioner does not make distinct arguments in his petition for writ of habeas corpus, (Dkt. No. 1), Petitioner broadly argues that (1) he was not given the opportunity to contest the asylum officer's credible fear determination before the IJ, and (2) that his counsel was not given adequate time to submit corroborating evidence in support of Petitioner's asylum application. (Dkt. No. 1 at 4.)

However, the Court is unable to rule on Petitioner's arguments, as Petitioner has not submitted any evidence in support of his claims that (1) he was not given the opportunity to contest the asylum officer's credible fear determination, and (2) that his counsel was not given adequate time to submit corroborating evidence in support of Petitioner's asylum application. (Dkt. No. 1.) In particular, Petitioner has not included a transcript of the credible fear review hearing before the IJ, nor has he submitted a declaration of counsel showing the specific barriers his counsel encountered in

5.

attempting to submit corroborating evidence.[2]

Because Petitioner fails to provide any evidence in support of his claims, he has failed to demonstrate a likelihood of success on the merits of his claims.

## V. CONCLUSION

For the reasons stated above, the Court **DENIES** Petitioner's petition for writ of habeas corpus.

**IT IS SO ORDERED.**

Dated: November 15, 2019

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE

---

[2] Petitioner's counsel submitted a two-sentence declaration in support of Petitioner's petition for writ of habeas corpus stating, in relevant part, "that the statements made in this [petition] for Writ of Habeas Corpus are true and correct to the best of [counsel's] knowledge." (Dkt. No. 1 at 7.) Because the Court is unable to verify any of the factual allegations contained in Petitioner's petition or writ of habeas corpus based on this declaration, the Court concludes that this evidence is insufficient to show a likelihood of success on the merits of Petitioner's underlying claims.